# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ROSE S. FERDINAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV410-190 |
| | ) |
| CITY OF MIDWAY, ETAL (MIDWAY | ) |
| CITY HALL), and LIBERTY COUNTY, | ) |
| ETAL (LIBERTY CONSOLIDATED | ) |
| PLANNING COMMISSION), | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff seeks the appointment of an attorney in this 42 U.S.C. § 1981 case. (Doc. 4.) The Court does not doubt that the appointment of an attorney would likely further the efficient and prompt disposition of this case. As a general rule, however, there is no entitlement to appointed counsel in a civil case. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1979)[1]; *see also Thomas v.*

---

[1] The decision in *Hardwick* was entered in 1977. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981. Consequently, *Hardwick* is binding Eleventh Circuit precedent.

*Estelle*, 603 F.2d 488, 489 (5th Cir. 1979). "The preeminent generalization that emerges from this court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Serv.*, 452 U.S. 18, 25 (1981). This case, disputing the denial of a business license, is civil in nature and does not affect a plaintiff's physical liberty. Therefore, the stringent standards of appointment and effective assistance of counsel mandated by the Sixth Amendment and Federal Rule of Criminal Procedure 44 do not apply. *See United States v. Rogers*, 534 F.2d 1134, 1135 (5th Cir. 1976). Thus, the appointment of counsel is required only where necessary to insure "fundamental fairness" in accordance with the due process clause of the Fourteenth Amendment. *Lassiter*, 452 U.S. at 26.

Court-appointed counsel in civil cases is therefore warranted only in "exceptional cases." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Fowler*, 899 F.2d at 1096. In considering whether exceptional circumstances exist, the Court should consider (1) the type and complexity of the case; (2) whether the indigent is capable of presenting his case; (3) whether the

indigent is in a position to investigate the case adequately; and (4) whether the evidence will consist largely of conflicting testimony as to require skill in presenting the evidence and in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). However, the "key is whether the pro se litigant needs help in presenting the essential merits of his or his position to the court. Where the facts and issues are simple, he or she usually will not need such help." *Kilgo*, 983 F.2d at 193.

Plaintiff alleges that her application for a business license to open an "academic learning center (age 3 months to 6 years of age)" was wrongfully denied. (Doc. 1 at 3-6.) Her allegations do not appear to involve complex issues of fact or law, and plaintiff has demonstrated his ability to present "the essential merits of [her] . . . position to the court." *Kilgo*, 983 F.2d at 193. Accordingly, plaintiff's motion for the appointment of counsel (doc. 4) is **DENIED**. Should it appear later in these proceedings that she is incapable of developing the facts of his case through discovery or that his case presents novel or complex issues of law, the Court will reconsider plaintiff's request for appointment of counsel upon appropriate motion.

Plaintiff also moves for subpoenas. (Doc. 6.) She seeks production

3

of documents and information from party-defendant City of Midway. (Doc. 6 at 3.) Since Midway is a party to this action, use of a subpoena for production of documents is unnecessary. Once Midway has been properly served, plaintiff should use traditional discovery methods to obtain the desired information. Accordingly, plaintiff's "motion to subpoena" (doc. 6) is **DENIED**.

If plaintiff wishes to obtain facts and information about the case from defendant, she should do so through discovery. *See generally* Fed. R. Civ. P. 26, *et seq.* Plaintiff does not need the permission of the Court to begin discovery. However, under Rule 26(f), plaintiff is under a duty to confer with opposing counsel to develop a plan of discovery and must do so before seeking discovery from any source. *See* Fed. R. Civ. P. 26(d), (f).

Interrogatories and requests for the production of documents provide a practical method of discovery for pro se litigants. Fed. R. Civ. P. 33, 34. Interrogatories and requests for production may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as defendants. Interrogatories and

4

requests for production *shall not be filed with the court*. Interrogatories are not to contain more than twenty-five questions. Fed. R. Civ. P. 33(a)(1). If plaintiff wishes to propound more than twenty-five interrogatories to a party, she must have permission of the Court. *Id.* In a request for production, plaintiff may request the opposing party to produce any designated documents for the purpose of inspection and copying. The request must set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. Fed. R. Civ. P. 34(b)(1). The request should specify a reasonable time and place (such as defendant's place of business) for making the inspection. *Id.*

Should it become necessary to file a motion to compel discovery under Fed. R. Civ. P. 37, plaintiff should first contact the attorney for defendant to try to work out the problem; if the problem cannot be resolved, plaintiff must file a statement certifying that opposing counsel has been contacted in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(1). Plaintiff has the responsibility for maintaining her own records of the case. If plaintiff loses papers and needs new copies, she may obtain them from the Clerk of Court at the

standard cost of fifty cents ($.50) per page or download from the online docket through PACER.

It is the plaintiff's duty to cooperate fully in any discovery which may be initiated by the defendants. Evasive or incomplete responses to discovery will not be tolerated and may subject plaintiff to severe sanctions, *including dismissal of this case.* Should the defendants endeavor to take plaintiff's depositions, plaintiff shall permit her deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

**SO ORDERED** this 30th day of August, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA