# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ROSE S. FERDINAND, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV410-190 |
| CITY OF MIDWAY, ETAL (MIDWAY CITY HALL), and LIBERTY COUNTY, ETAL (LIBERTY CONSOLIDATED PLANNING COMMISSION), | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Pro se plaintiff Rose Ferdinand has filed a "motion to occup[]y leased facility," in which she requests that she be permitted to temporarily use a facility she has already leased as a "function hall/children-family entertainment/office." (Doc. 5.) The motion, which is directly tied to the allegations in her complaint (doc. 1), is in essence a motion for a preliminary injunction that would allow her to immediately use a business space that she rented in Midway, Georgia for purposes of operating a child care facility despite the defendants' denial of a business

permit. (*Id.*) (According to plaintiff, defendants denied the permit on the ground that the proposed child care facility was located next to a grocery store where alcohol was served and because of perceived safety concerns.) Construing the motion in that manner, it fails, since plaintiff has not come close to meeting the exceptionally high burden required for such extraordinary relief.

A district court may grant a preliminary injunction "only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *ACLU v. Miami-Dade Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). Since it is "an extraordinary and drastic remedy," a preliminary injunction should not "be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *Id.* at 1198 (*quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)).

Here, Ferdinand has not shown a "substantial likelihood of success on the merits." Indeed, based upon her complaint allegations and conclusory First and Fourteenth Amendment constitutional claims, the Court is not certain that it even has jurisdiction over this case, though it will reserve judgment until defendants enter an appearance and respond to her allegations. (Doc. 1 at 3-7.) Moreover, she admits in her complaint that the Midway City Council and Liberty County Consolidated Planning Commission have safety concerns at the proposed site. (*Id.* at 6.) While plaintiff states that safety should be *her* concern, the Court cannot, without more information, conclude that the injunction would not be adverse to the public interest -- specifically, the interest in protecting children from harm. Nor has plaintiff established that she will suffer irreparable injury if she is not granted extraordinary injunctive relief. Accordingly, Ferdinand's motion for a preliminary injunction (doc. 5) should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this  31st  day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

3