UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| ROSE S. FERDINAND, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CV410-190 |
|  | ) |  |
| CITY OF MIDWAY (MIDWAY CITY COUNSEL), LIBERTY COUNTY (LIBERTY CONSOLIDATED PLANNING COMMISSION), CHARLES W. SMITH, and TRANSWORLD PROPERTIES, LLC, | ) ) ) ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

Defendants City of Midway and Liberty Consolidated Planning Commission have moved to dismiss plaintiff's civil rights claims against them. (Docs. 16 & 17.) Plaintiff did not respond to either motion within the time period allotted, so the motions are unopposed by operation of Local Rule 7.5. S.D. GA. LR 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). Moreover, plaintiff's recently filed amended complaint only

names TransWorld Properties and Charles Smith as defendants. (Doc. 19.) Presumably, then, plaintiff has abandoned her claims against the City of Midway and the Liberty County Planning Commission. Even if she had not, however, they should be dismissed.

In resolving the motions to dismiss, the Court is guided by Fed. R. Civ. P. 12(b)(6). The Eleventh Circuit recently instructed that

> "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555, 127 S. Ct. at 1965 (citation omitted). At the pleading stage, Federal Rule of Civil Procedure 8(a)(2) requires that "the plain statement possess enough heft to show that the pleader is entitled to relief." *Id.* at 557, 127 S. Ct. at 1966 (internal quotations omitted).

*Williams v. Brown*, 347 F. App'x 429, 434-35 (11th Cir. 2009) (unpublished); *Gadson v. Chatham County Sheriff Dep't*, 2009 WL 1288866 at * 1 (S.D. Ga. May 8, 2009) (unpublished) (applying dismissal standards to pro se complaints and reminding that, while complaint language may be construed liberally, the same pleading rules apply to pro se litigants as represented litigants, and judges may not advocate for them). Hence, plaintiff must set forth a claim for relief that is factually

2

supported and rises above the speculative level.

Here, plaintiff alleges that the Liberty County Planning Commission and the Midway City Counsel improperly denied her application to open a day-care center in Midway, Georgia. (Doc. 1 at 3-6.) Debra Attical, the administrator of the Consolidated Planning Commission, told plaintiff that her "academic learning center" would violate state liquor laws and would not be licensed by the state due to its proximity to a grocery store. (*Id.* at 5.) In addition, she was told that it would violate a City of Midway ordinance, though her lawyer believed otherwise. (*Id.* at 5-6.) The Midway City Council denied her application without her presence at a hearing. (*Id.* at 5.) Sunny Timmerman, the director of the Consolidated Planning Commission, still did not give her a definitive reason for the denial. (*Id.*) At the next Midway Council meeting, the Liberty Consolidated Planning Commission and Midway City Council explained to plaintiff that the application was denied because they could not guarantee children's safety at the proposed site. (*Id.* at 6.) Based upon her state day-care training and licensing, she believes the children's safety should be her concern. (*Id.*)

Liberty County argues that it is not a proper defendant.[1] (Doc. 16.) It reasons that all of plaintiff's claims against the county arise from her interaction with the Liberty Consolidated Planning Commission, not the county itself.[2] Since she names "Liberty County" as defendant, she is seeking to hold the county liable for the actions of the consolidated board. (*Id.* at 4-5.) This she cannot do, since claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or *respondeat superior*. (*Id.* at 4.) The Court agrees. *See Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1948 (2009); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Since plaintiff has not alleged any facts showing that the county directly participated in the alleged constitutional deprivations or that there is

---

[1] Liberty County suggests that plaintiff's complaint can only be read as asserting a claim against the planning commission, not the county itself, and that the planning commission is not an entity subject to suit. (Doc. 16.) Plaintiff, however, names Liberty County as the defendant, not the planning commission itself. (Doc. 1 at 2-3, 7.) The implication from her complaint is that she seeks to hold Liberty County accountable for the actions of the Liberty County Joint Planning Commission and the City of Midway for the actions of the Midway City Council. (*Id.*)

[2] The Liberty Consolidated Planning Commission is comprised of commissioners appointed by various county and city officials. *See* Liberty Consolidated Planning Commission website, available at http://www.thelcpc.org/ (last visited October 7, 2010). The organization's "consolidated" nature means that it is not wholly a city or county organization and its mistakes cannot be easily imputed to the county at large, as plaintiff desires.

some other causal connection between its acts or omissions and the alleged constitutional deprivations, her claim against the county fails. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam).

The City of Midway argues that the Court lacks subject matter jurisdiction because this claim is, in essence, a zoning appeal, which must first be exhausted in the state courts. (Doc. 17.) The Court disagrees. Ferdinand did not come to this Court requesting an injunction to overturn a zoning decision. Instead, she seeks compensation for violations of her constitutional rights. (Doc. 1 at 8.) The city's *Monell* argument is similarly unpersuasive. (Doc. 17 at 6-7.) It suggests that this is a prohibited *respondeat superior* claim, but it is mistaken. The city council, which can fairly be said to be the city itself (it shares city oversight responsibilities with the mayor), denied plaintiff's business application. Accordingly, the city has taken direct action here.

The city's final argument, however, has some heft, though it is still a bit misguided. Ferdinand states, in conclusory form, that the city's decision violated her First and Fourteenth Amendment rights. (Doc. 1 at

7.) She "validates according to the United States Constitution, plaintiff's 1st and 14th Amendment Rights have been violated by both defendants." (*Id.*) In describing those rights, she states:

> U.S. CONSTITUTION 1ST AMENDMENT RIGHT: The right to petition the government for a redress of grievances guarantees people the right to ask the government to provide relief for a wrong through the courts (litigation) or other governmental action. It works with the right of assembly allowing people to join together and seek change from government.
>
> U.S. CONSITITUTION 14TH AMENDMENT: The Supreme Court held that the Due Process Clause of the Fourteenth Amendment applies the First Amendment to each state, including any local government.

(Doc. 1 at 7.) The city, in an attempt to make sense of the claim, characterizes it as a free speech claim and argues that plaintiff has failed to state a claim for relief. (Doc. 17 at 7.) Plaintiff, however, references the First Amendment's *petition* clause, not the speech clause. (Doc. 1 at 7.) Still, she has not offered any facts or argument explaining how her right to petition the government has been infringed, much less shown any denial of due process. All she has alleged is that the city and consolidated planning commission denied her application and their decision was, in her opinion, unconstitutional. The Court is left to guess at how those actions violated her First and Fourteenth Amendment

6

rights.

While pro se pleadings are held to a less stringent standard than pleadings drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), defendants should not have to guess or speculate on what they are being sued for; rather, they must be provided fair notice on which to frame their defensive pleadings. *See* Fed. R. Civ. P. Rule 8(a). Plaintiff's complaint has not come close to identifying a cause of action, much less offered facts nudging such a claim beyond the speculative level. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Merely referencing the Petition Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment is not enough. The Court will not guess at plaintiff's real claim, much less direct her to recast her complaint, since she has declined to respond even to these motions. In sum, she has failed to state a claim for relief.

For all of the reasons explained above, defendants' motions to dismiss (docs. 16 & 17) should be **GRANTED** and they should be **DISMISSED** from this suit for plaintiff's failure to state a claim for relief against them. Additionally, the City of Midway's motion to stay

discovery (doc. 18) is **DENIED** as moot.

**SO REPORTED AND RECOMMENDED** this  20th   day of October, 2010.

_/s/ G.R. Smitt_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA