IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ROSE STRODDER FERDINAND, )
)
    Plaintiff, )
)
v. ) CASE NO. CV410-190
)
CITY OF MIDWAY (MIDWAY CITY )
COUNSEL), LIBERTY COUNTY (LIBERTY )
CONSOLIDATED PLANNING COMMISSION), )
CHARLES W. SMITH, and TRANS-WORLD )
PROPERTIES, LLC, )
)
    Defendants. )
)

## O R D E R

Before the Court are the Magistrate Judge's Report and Recommendation (Doc. 27); Defendant Trans-World Properties, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction contained within its Answer to Amended Complaint and Defenses and Counterclaim (Doc. 23); Defendant Charles W. Smith's Motion to Dismiss for Lack of Subject Matter Jurisdiction contained within his Answer to Amended Complaint and Defenses (Doc. 24); Plaintiff's Motion for Extension of Time (Doc. 31); and Plaintiff's "Motion for an Injunction: Release of Pertinent Documents Pertaining to Plaintiff's Civil Action" (Doc. 30). These motions will be addressed individually as follows.

The Magistrate Judge's Report and Recommendation (Doc. 27) rules, in part, on two separate Motions to Dismiss filed by

Defendant Liberty County (Liberty Consolidated Planning Commission) (Doc. 16) and Defendant City of Midway (Midway City Counsel) (Doc. 17).[1] Notably, Plaintiff never responded to either motion. Instead, Plaintiff filed an amended complaint, which added two additional Defendants to this case. The Magistrate Judge issued this Report and Recommendation without the benefit of any response or opposition from Plaintiff. Plaintiff also failed to file any objection to the Report and Recommendation. Instead, Plaintiff has filed only a Motion for Extension of Time (Doc. 31) and "Motion for an Injunction: Release of Pertinent Documents Pertaining to Plaintiff's Civil Action" (Doc. 30). Plaintiff commenced the instant litigation months earlier, and on the eve of dismissal, now asks this Court to entertain a request for delay that would, according to Plaintiff, "ensure a valid argument based on facts." (Doc. 31 at 1.) However, a complaint containing a proper statement of facts is a required prerequisite to bringing a claim in federal court. After careful consideration, Plaintiff's motions are **DENIED**.

Next, this Court considers the Magistrate Judge's Report and Recommendation (Doc. 27), to which no objections have been

---

[1] This Court's use of parenthesis reflects the nomenclature of Plaintiff's complaint. (Doc. 1.) This issue is explained in greater detail in the Report and Recommendation. (Doc. 27 at 4 n.1.)

2

filed. After a careful de novo review, the Court concurs with the Magistrate Judge's Report and Recommendation. Accordingly, the Court **ADOPTS** the same as its opinion. As a result, Defendants City of Midway (Midway City Counsel) and Liberty County (Liberty Consolidated Planning Commission) are **DISMISSED** from this case.

Finally, Defendant Trans-World Properties, LLC's Answer to Amended Complaint and Defenses and Counterclaim (Doc. 23) and Defendant Charles W. Smith's Answer to Amended Complaint and Defenses (Doc. 24) both contained, as their first defense, a statement that this Court lacks "jurisdiction over the subject matter because the case neither involves a federal question nor inter-state diversity because the case involves a commercial lease dispute, and the Plaintiff and at least one Defendant, in fact all Defendants, are either residents or entities incorporated in the State of Georgia." (Doc. 23 at 1; Doc. 24 at 1) (emphasis added). This court will construe these averments as Motions to Dismiss for Lack of Subject Matter Jurisdiction. Fed. R. Civ. P 12(b)(1).

Plaintiff's amended complaint (Doc. 19) appears, although not labeled as such, to assert a claim for fraud or breach of contract. No claims concerning a federal question are raised, and any relief requested appears to be based in state law alone. With Plaintif's federal claims no longer before this Court,

3

subject matter jurisdiction can exist, if at all, based solely on diversity of citizenship. See 28 U.S.C. § 1332. Plaintiff's complaint lists her physical address and mailing address as locations in Midway, Georgia 31320. (Doc. 1 at 2.) Plaintiff has not alleged that she is a resident of a state other than Georgia. Although Plaintiff has not stated the basis for this Court's jurisdiction, the address Plaintiff provided for Defendant Trans-World Properties, LLC is one in Savannah, Georgia.[2] (Doc. 25 at 1.) By the facts contained in Plaintiff's own filings with this Court, complete diversity of citizenship is not satisfied. See Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994) ("Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."). As a result, this Court lacks subject matter jurisdiction to hear these claims.[3] Accordingly, Plaintiff's amended complaint must be **DISMISSED**, and Defendants Trans-World Properties, LLC and Charles W. Smith are **DISMISSED** from this case.

---

[2] Specific residence information for Defendant Charles W. Smith is neither provided by Plaintiff nor required for this ruling. Regardless of this Defendant's residence, the outcome of this order is the same.

[3] For the same reasons, Defendant Trans-World Properties, LLC's counterclaim is **DISMISSED**, sua sponte, for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). This counterclaim seeks relief based exclusively on state law: possession of leased premises and recovery of unpaid rent, consequential damages, and attorney's fees. (Doc. 23 at ¶ 6-11.)

## CONCLUSION

Plaintiff's Motion for Extension of Time (Doc. 31) and "Motion for an Injunction: Release of Pertinent Documents Pertaining to Plaintiff's Civil Action" (Doc. 30) are **DENIED**. The Magistrate Judge's Report and Recommendation (Doc. 27) is **ADOPTED** as the order of this Court. Consequently, Defendants City of Midway (Midway City Counsel) and Liberty County (Liberty Consolidated Planning Commission) are **DISMISSED** from this case. In addition, Plaintiff's amended complaint is **DISMISSED** because this Court lacks subject matter jurisdiction in this case. The **Clerk of Court** is **DIRECTED** to close this case.

SO ORDERED this 12th day of November 2010.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA